OPINION of the Court, by
Ch. J. Boyle*
— This is a wrjt Qf error to aiudgment obtained by the defendant in error against the ancestor or the plaintiffs m his hie-time, in an-action brought for the breach of a covenant,
Before we examine the errors assigned, it becomes necessary to decide upon the right of the plaintiffs to maintain the writ of error.
Heir cannot maintain a writ to reverfeajudg ment in covenant againfthi* anceftor without joining the ex’r or admV
Uponajudgi menc agairit the anceftCt,rhqi heir and ex'r, may be iued0 by the ftatut» of Kentucky.
It is a general rule, that no one who is not a party or privy to a judgment, or prejudiced thereby, canmain-tain a writ of error to reverse it. According to this rule, there is no doubt upon the principles of the common law that the heir tnight maintain a writ of error to a judgment in a real action, and the executor or administrator to a judgment in a personal action ; but not vice versa: for the heir is the representative of his ancestor as to the real estate only, as the executor or administrator is as to the personal estate ; and the former could at common law be no more said to be privy to or prejudiced by a judgment in a personal action, than the latter could be said to be privy to Or prejudiced by a judgment in areal action. It is true that the heir was always liable to an action upon the obligation of his ancestor, if he were expressly named ; and upon a judgment against him, the whole of the lands which had descended from the ancestor might be extended in his hands ; but if a judgment were obtained, against the ancestor in his lifetime, the obligation became thereby extinguished, and the heir not being named in the judgment, was not bound thereby, and no action could be maintained against him upon it, nor his interest be otherwise affected by it. At common law indeed, although the whole of the lands which had descended upon the heir might be extended upon a judgment against him upon the obligation ot his ancestor, yet no part of the lands were liable to be taken in execution upon a judgment against the ancestor himself; for it was by the statute of lyestminster 2d, that the writ of elegit was given, in virtue of which a moiety of the lands might be taken and delivered to the plaintiff. By that statute the lands were bound from the time when the judgment was rendered, and a moiety thereof was liable to be extended into whosesoever hands they should thereafter come. If, therefore, judgment was obtained against a man who afterwards died, a scire, faciasto have execution for a moiety of the lands would lie against the heir; but not as heir, but as tenant of the land for it would equally lie against any . other person who. was .tenant of the land; and it was still held that an action of debt would not lie against the heir upon the judgment, as it would upon the obligation of the ancestor — 2 Saund. 7, note 4. His interest, therefore, as heir, was *524 not s0 prejudiced by the judgment as to give him a right to maintain a writ of error. — 2 Bac. Abr. title Error, letter B.
Thus stood the law until 1792,(1 Lift. 128) when the act subjecting lands to the payment of debts passed. That act not only provides that lands may be taken and sold by virtue of a fieri facias, in satisfaction of a judgment for debt or damages, but to effectuate its object it also provides that such actions as will lie against the executors or administrators, may be broughtjointly against them and the heir, and directs the execution to^be issued against the estate, and not against the goods and chattels only, as theretofore had been done.
As the executor or administrator is liable to be sued either by a scire facias or by action of debt upon a judgment against the testator or intestate in his lifetime, it is clear under this act that the heir is also liable to be sued jointly with them ; and when proceeded against in this manner, there is no doubt that it must be as heir, and not as terre-tenant, or tenant of the land. His interest therefore as heir, must be prejudiced by the judgment ; but it is only sub modo, and not absolutely : for he is made liable only where the action is broughtjointly against him and the executor or administrator ; and as the act is introductive of a new remedy, it can be pursued only in the manner which the act has prescribed. The act indeed being affirmative, the remedy given by it is cumulative, and that to which the party was before entitled is not taken away. The plaintiff therefore may still, as he formerly might, have a scire facias against the heir, without joining the executor or administrator, to have execution of a judgment against the ancestor. But the proceeding must be against him as tenant of the land, and not as heir, and the execution must be an eleg'it, and not a fieri facias. So upon the same principle the executor or administrator would be still liable as formerly to an action of debt or a scire fa-cías upon such a judgment, without joining the heir. And they may therefore, as is every day’s practice, bring a writ of error to reverse the judgment, without making the heir a party. But as the heir is only liable as heir on the judgment in a proceeding jointly had against himself and the executor or administrator, it seems evident that he cannot bring a writ of error in his Own *525 name only, without joining the executor or tor. The objection thatrtthere may be no administration granted, does not affect the case. The heir cannot be proceeded against until administration is granted, and consequently he cannot be injured until that is done. Besides, he may obtain letters of administration himself, where they have not been granted to another, and thereby prevent the consequences which might result from the want of administration.
Writ of error .quashed.